O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY TOMMIE JONES, | ) | CASE NO. CV 12-11054-DDP (RZ) |
| Petitioner, | ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| vs. | ) | |
| MARTIN BITER, Warden, | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge.  Further, the Court has engaged in a de novo review of those portions of the Report to which Petitioner has objected.

The bulk of the arguments that Petitioner makes in his objections is sufficiently addressed in the magistrate judge's Report.  However, in his objections, Petitioner asserts a new basis that, in his view, entitles him to equitable tolling of the statute of limitations with respect to his incompetency claim.  Specifically, he contends that equitable tolling is warranted because he suffers from a mental impairment that prevented him from timely asserting his incompetency claim.  The Ninth Circuit has articulated a two-part test to determine whether a mental impairment amounts to an "extraordinary circumstance" warranting equitable tolling.  *See Bills v. Clark*, 628 F.3d 1092 (9th Cir.

2010).  First, the petitioner must show that he suffers from an impairment that was "so severe that the petitioner was unable personally . . . to understand the need to timely file . . . a habeas petition." *Id.* at 1093.  Second, the petitioner must show that the impairment "made it impossible under the totality of the circumstances to meet the filing deadline despite the petitioner's diligence." *Id.*  The Ninth Circuit has cautioned that this test is not a "mechanical" one, but rather one that requires "'a flexibl[e], case-by-case approach.'" *Id.* at 1096.  Furthermore, the Ninth Circuit has explained that the second prong of the test does not require a "literal impossibility" but, instead, is satisfied if the petitioner can show that the mental impairment was a "but for" cause of the delay in filing a timely habeas petition. *Forbess v. Franke*, 749 F.3d 837, 841 (9th Cir. 2014).

Here, Petitioner is not entitled to equitable tolling based on his alleged mental impairment.  During the near decade-long period for which Petitioner seeks equitable tolling, he has filed numerous challenges to his conviction – both at the state and federal level.  At the federal level, he successfully opposed a motion to dismiss by presenting evidence entitling him to a period of equitable tolling.  He has also filed a petition for writ of certiorari in the Supreme Court, in addition to several requests for certificates of appealability in the Ninth Circuit Court of Appeals.  And, this case is currently before the Court because Petitioner made out a prima facie case to the Ninth Circuit Court of Appeals that his incompetency claim satisfied AEDPA's strict standards for filing a second or successive petition.  As such, it is clear that Petitioner's alleged mental impairment was not a but for cause for the delay in asserting his mental incompetency claim.  Moreover, Petitioner has already identified the supposed reason for his delay in asserting his mental incompetency claim – namely, that he purportedly had no idea that the claim existed until his sister spoke with his trial attorney sometime in 2012.

///

///

///

///

1    In short, none of Petitioner's objections is meritorious.  The Court, therefore,

2    accepts the findings and recommendations of the Magistrate Judge.

3

4        DATED: September 4, 2015

5

6    _____

7                DEAN D. PREGERSON
             UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28